IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LAURA BROADSTONE, *et al.*,<br>    Plaintiffs, | |
| v. | Case No. 1:15-cv-01453-JES-JEH |
| SHERMAN'S PLACE, INC.,<br>    Defendant. | |

**Order**

Now before the Court is the Defendant Sherman's Place, Inc.'s Motion to Sever for Misjoinder and to Require Individual Suits (Doc. 5) and the Plaintiffs' Response (Doc. 10) thereto. For the reasons set forth below, the Motion is DENIED.

**I**

On November 5, 2015, Plaintiffs Laura Broadstone, Julie Boesch, and Renee Boesch filed their lawsuit against Defendant Sherman's Place, Inc. (Sherman's). Count I of the Complaint details the events surrounding Laura Broadstone's employment as salesperson at the Sherman's store in Peoria, Illinois.[1] Broadstone alleges that she complained to the store manager, Tony Hnilicka (Hnilicka), of sex discrimination in payment of commissions, and that she complained of sex discrimination to the assistant manager, Dan Stein. Broadstone also alleges that she was told by Hnilicka and Renee Boesch that her employment was terminated because she had sold a clearance mattress falsely telling the customer it had never been used. Count 2 of the Complaint details the

---

[1] There are 114 numbered paragraphs in the Plaintiffs' Complaint which is 46 pages long. The Court has reviewed the entirety of the Complaint, but it will not re-state here all of the detailed factual allegations included therein.

1

events surrounding Julie Boesch's employment as salesperson at the Sherman's store in Peoria, Illinois. Julie Boesch alleges that she complained various times to Jim Torok, Sales Manager and her supervisor, that male salespersons were being treated more favorably than she as the only female salesperson. She alleges that Paul Sherman telephoned her on February 9, 2015 and told her she was terminated for breaking "Core Values." Count 3 of the Complaint details the events surrounding Renee Boesch's employment as Human Resources Manager at Sherman's in Peoria, Illiniois from August 28, 2010 to January 29, 2015. She alleges that Paul Sherman told her that he would have to demote her several levels in the company if she were ever to date a Sherman's employee again after she ended her engagement to the Sherman's Electronics Merchandiser (David Weiss) who was also Paul Sherman's nephew; such a policy was never applied to males. She also alleges that because she felt unsafe at work and after the bad evaluations by Paul Sherman, she resigned her position.

Each of the Plaintiffs bring their claims pursuant to Title VII, 42 U.S.C. 2000e, *et seq*. for sex discrimination and retaliation for complaining of sex discrimination. Plaintiffs Broadstone and Julie Boesch also bring claims pursuant to the Illinois Sales Representative Act, 820 ILCS 120/3. All three of the Plaintiffs request compensatory damages and attorney's fees, expenses, and costs. Plaintiffs Broadstone and Julie Boesch also request treble damages pursuant to the Illinois Sales Representative Act.

In its Motion to Sever for Misjoinder, the Defendant argues that the Plaintiffs' claims do not satisfy either of the two requirements for permissive joinder under Federal Rule of Civil Procedure 20(a) and that joinder of their claims will not increase judicial economy or avoid prejudice. Accordingly, the Defendant requests that the Court remedy the Plaintiffs' misjoinder by severing the claims of Plaintiffs Julie Boesch and Renee Boesch, assigning them new

2

docket numbers, leaving the first-named Plaintiff Laura Broadstone as the only plaintiff in this case, and requiring all of the Plaintiffs to file separate amended complaints containing only their claims.

## II

Federal Rule of Civil Procedure 20 provides, in relevant part, that persons may join in one action as plaintiffs if: 1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all plaintiffs will arise in the action. FED. R. CIV. P. 20(a)(1)(A), (B). Misjoinder occurs when the parties seeking joinder fail to satisfy either of the two requirements set forth in Rule 20(a)(1). *Hawkins v. Groot Industries, Inc.*, 210 F.R.D. 226, 229-30 (N.D. Ill. 2002). "Federal policy favors joinder . . . ." *Id.* at 230.

### 1

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case-by-case approach is generally pursued because no hard and fast rules have been established." *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (internal citations omitted). Courts often consider the following factors to determine whether the requirement of Rule 20(a)(1)(A) is met:

> The time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and whether a company-wide policy is alleged.

*McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009) (internal citations omitted).

Here, the Defendant argues that the time period of each alleged occurrence is different, that the individuals allegedly responsible for each of the adverse actions complained of by the Plaintiffs are different, that the events underlying each of the adverse actions complained of by the Plaintiffs are different, and that the witnesses required to testify vary significantly for each Plaintiffs' claims. Thus, the Defendant argues that there is no logical connection between the alleged events and so they do not arise out of the same transaction, occurrence, or series of transactions or occurrences. The Plaintiffs counter that the standard for joinder of parties is a liberal one construed as broadly as possible to promote judicial economy.

The Defendant is not incorrect that there are some differences between each of the Plaintiff's claims. However, the differences are not so distinct or significant to preclude a finding that the Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences. A span of little more than twelve months is involved, and the underlying events of two of the Plaintiffs' claims happened within less than a month of each other. While two of the Plaintiffs allege that they were terminated by the Defendant and one alleges she resigned from her position, they all allege sex discrimination and retaliation for complaining of sex discrimination based upon events that occurred within twelve of each other. Moreover, there is overlap between the individuals involved in the events leading up to Broadstone's and Julie Boesch's terminations and Renee Boesch's resignation. For instance, Assistant Sales Manager Jim Torok is identified as playing a role in the underlying events pertaining to Plaintiffs Broadstone and Julie Boesch, and President Paul Sherman is identified as playing a role in the underlying events pertaining to Plaintiffs

Julie Boesch and Renee Boesch. Though the supervisors that were involved in each instance were not exactly the same, the same individuals are identified in more than one of the Plaintiffs' claims.[2]

An inescapable fact in this case is that the Plaintiffs allege incidents that occurred at just one location – the Sherman's store in Peoria, Illinois, and there is currently nothing in the record to suggest that the store was so large, or had such different departments of workers and supervisors as to render each Plaintiff's claim a separate transaction or occurrence. To the contrary, as the Court has already discussed, the same individuals reappear in different counts of the Complaint, two of the Plaintiffs held the position of salesperson, and all of the Plaintiffs worked at the same geographical location. For these reasons, it is not fatal to the Plaintiffs' joinder that there are different alleged particular events that led to two of the Plaintiffs' terminations and the other Plaintiff's resignation. The Court therefore finds that at this stage of the case, each of the Plaintiff's claims arises out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A).

**2**

As for the second requirement of Rule 20, that there exist any question of law or fact common to all plaintiffs that will arise in the action, the Defendant again argues that the Plaintiffs' claims involve alleged discrete acts by Sherman's, undertaken by different individuals during different time periods and the only similarity the Plaintiffs' claims share is that they all allege unlawful gender discrimination and retaliation. The Defendant further argues that the Complaint alleges violations of the Illinois Sales Representative Act for only two of the three Plaintiffs, thereby also precluding a finding of a common question of

---

[2] Assistant Manager Dan Stein is identified in both Broadstone's Count 1 and Julie Boesch's Count 2.

law or fact as to all the Plaintiffs. The Plaintiffs argue, as they do in regard to the first requirement of Rule 20, for the liberal application of Rule 20 and that the second requirement is satisfied where they allege Sherman's discriminated against them in the workplace and terminated their employment when they complained.

The Court finds that the second requirement of Rule 20 is satisfied given that all three of the Plaintiffs allege sex discrimination and retaliation against the same Defendant based upon alleged underlying events which involved common individuals in the same geographical location during the same general time period. The Defendant's additional argument that the inclusion of claims for violations of the Illinois Sales Representatives Act by only two of the three Plaintiffs precludes a commonality finding as to *all* the Plaintiffs goes nowhere; Rule 20(a)(1)(B) only requires that there be *any* question of law or fact common to all plaintiffs that will arise in the action.

### III

Finally, the Defendant argues that the Court may consider, in addition to the two requirements of Rule 20(a), whether joinder would prejudice any party or result in needless delay. In *Chavez v. Illinois State Police*, the Seventh Circuit Court of Appeals explained that the discretion allowed a trial court concerning the joinder of parties under Rule 20 also includes "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." 251 F.3d 612, 632 (7th Cir. 2001) (internal citations and quotations omitted). Accordingly, if joinder will create prejudice, expense, or delay a court may deny the motion. *Id.* (internal quotations omitted).

Here, the Court finds that at this stage of the litigation, severance of the individual Plaintiffs' claims into three separate lawsuits would lead to judicial

6

inefficiency and potentially cause additional expense to the parties. There is sufficient overlap between the alleged underlying events that there will almost certainly be overlap in the discovery that is conducted, particularly in regard to the witnesses to be deposed and the information to be gathered regarding employment at Sherman's.

The Court notes that the Defendant's Motion to Sever for Misjoinder presents a close question, but in ruling as it does, the Court is guided by the notion that the tests of Rule 20(a) are "to be read as broadly as possible whenever doing so is likely to promote judicial economy." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS & ADAM N. STEINMAN, FEDERAL PRACTICE & PROCEDURE § 1653 (3d ed. 2015); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("The purpose of Rule 20(a) in permitting joinder in a single suit of persons who have separate claims, albeit growing out of a single incident, transaction, or series of events, is to enable economies in litigation . . . ."). Insofar as the Defendant's expressed concerns over the judicial inefficiency of three mini-trials within one action and the risk of confusion and prejudice towards Sherman's should this case proceed to a single trial involving all three of the Plaintiffs' claims, there are safeguards available to the Court and the parties to mitigate any unfairness to the parties that may result from the denial of the Defendant's Motion to Sever for Misjoinder. *See, e.g.*, FED. R. CIV. P. 20(b) ("The court may issue orders--including an order for separate trials--to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party"). Lastly, the

parties are given leave to file a properly supported motion for separate trials pursuant to whichever applicable, suitable authority the parties so choose at the appropriate time.

## IV

For the foregoing reasons, the Defendant's Motion to Sever for Misjoinder and to Require Individual Suits (Doc. 5) is DENIED.

*It is so ordered.*

Entered on January 15, 2016.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE